Filed 12/2/24  P. v. Milton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  DONAVONNE MILTON,  Defendant and Appellant. | E082905  (Super. Ct. No. RIF1300100)  OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

The trial court found defendant and appellant Donavonne Milton ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered a prior prison term (§ 667.5, subd. (b)) was imposed and stayed during his initial sentencing proceedings.

On appeal, defendant contends he is entitled to a full resentencing hearing pursuant to section 1172.75, even though his prior prison term enhancement (§ 667.5, subd. (b)) was imposed and stayed. Until our Supreme Court states otherwise, we follow our opinion in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169, and conclude a defendant is not entitled to full resentencing pursuant to section 1172.75 when prior prison term enhancements that have been imposed and stayed.[2] We thus affirm the trial court's order.

---

[1] Unless otherwise indicated, all future statutory references are to the Penal Code.

[2] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189.

## II.

## PROCEDURAL BACKGROUND[3]

In March 2016, defendant pled guilty to robbery (§ 211; count 1) and grand theft of a firearm (§ 487, subd. (d)(2); count 2). He admitted committing both counts as a principal in a crime where another principal personally used a firearm (§§ 12022.53, subds. (b), (e), 12022, subd. (a)(1)) and for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). He also admitted he had sustained one prior prison term (§ 667.5, subd. (b)).

Pursuant to the negotiated plea agreement, in April 2016, defendant was sentenced to an aggregate term of 12 years in state prison as follows: two years on count 1 for the robbery, plus 10 years for the section 12022.53, subdivisions (b) and (e), firearm enhancement; the trial court imposed 10 years for the gang enhancement but struck the punishment; the court also imposed and stayed the one-year punishment for the section 12022, subdivision (a)(1) firearm enhancement and the prior prison term enhancement (§ 667.5, subd. (b)); sentence on count 2 for grand theft of a firearm and its attendant enhancements were stayed pursuant to section 654.

In December 2022, the trial court ordered a hearing regarding the stayed prior prison term enhancement pursuant to section 1172.75. Following numerous continuances, in November 2023, defendant's appointed counsel filed a motion

---

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

requesting the court to hold a full resentencing hearing and for the court to strike the prior prison term enhancement.

On December 27, 2023, the trial court determined defendant was ineligible for full resentencing because the sentence on the prior prison term enhancement had been imposed and stayed. The court, however, found an error regarding count 2, in that it had erroneously sentenced defendant to two years instead of the 16-month sentence agreed upon in the plea agreement. The court corrected the error and ordered an amended abstract of judgment. Defendant timely appealed.

III.

DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancement was imposed and stayed. The People respond defendant is not entitled to a full resentencing hearing because section 1172.75 does not apply to an imposed and stayed section 667.5, subdivision (b) prior prison enhancement.

Before January 2020, section 667.5, subdivision (b) permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65; see *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by

4

adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75, subdivision (d)(1) states, in relevant part, "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement . . . ." Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

The resentencing process begins with corrections officials notifying the court that an incarcerated person is serving a term for a judgment that includes an invalid section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) It is well-settled that neither a defendant nor someone acting upon the defendant's behalf can seek recall for resentencing by filing a motion or petition. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition"].)

5

Our decision in *Rhodius*, *supra*, 97 Cal.App.5th 38, involved a similar situation as this case. The defendant in that case pled guilty and admitted two prior prison term enhancements. The sentencing court imposed one year for each enhancement and then stayed the punishment. (*Id*. at p. 41.) At a later hearing held under section 1172.75, the trial court vacated the sentence on the two prior prison term enhancements and ordered them stricken, but otherwise denied full resentencing. (*Rhodius*, *supra*, at pp. 41-42, review granted.) We concluded the express language in section 1172.75, subdivision (d)(1) requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," and the legislative history behind the enactment of Senate Bills Nos. 136 and 483 require the conclusion section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, *supra*, at pp. 43-49.)

As summarized in *Rhodius*, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 136 signals intent "(1) [that] sentencing enhancements are ineffective and disproportionately subject the 'Black and Latino' communities to longer periods of incarceration; (2) [to] end[] double punishment for prior convictions; [and] (3) [to] reallocate[] 'wasteful' spending from imprisonment to community-based services." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 46, review granted.) Similarly, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 483 signals intent "to provide relief for '[p]eople in California jails and prison . . . still burdened by mandatory enhancements'"; to ensure

6

""""that no one is serving time based on rulings that California has already deemed unfair and ineffective""""; to "provide relief for '"[t]hose who . . . continue to be separated from their families and communities""""; and to reduce the prison costs caused by sentencing enhancements.  (*Rhodius*, *supra*, at pp. 46-47.)  We determined that "[i]n order to harmonize section 1172.75, subdivision (d)(1)'s requirement with section 1172.75, subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.'"  (*Rhodius*, *supra*, at p. 44.)  We thus concluded that defendants with stayed prior prison term enhancements are not entitled to recall and resentencing under section 1172.75.  (*Ibid*. ["To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence [pursuant to subdivision (d)(1)] simply because the judgment contained a stayed enhancement"].)

On the other side of the divide are *Saldana*, *supra*, 97 Cal.App.5th 1270, *Christianson*, *supra*, 97 Cal.App.5th 300, and *People v. Renteria* (2023) 96 Cal.App.5th 1276.  These cases reject the view expressed in *Rhodius* that an interpretation of the word "imposed" as used throughout section 1172.75 to mean both "imposed and executed" sentences and "imposed and stayed" sentences would create an internal conflict between section 1172.75, subdivisions (a) and (d)(1).  (*Saldana*, *supra*, at p. 1278, review granted [disagreeing with the *Rhodius* court's assumption that striking a stayed enhancement cannot result in a lesser sentence]; *Christianson*, *supra*, at p. 312, review granted ["a stayed sentence enhancement remains as part of the judgment and continues to carry the

7

potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential"]; *People v. Renteria*, *supra*, at pp. 1282-1283 [stayed enhancements which appear in the abstract of judgment were "imposed" for purposes of § 1172.75]; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; *People v. Espino* (2024) 104 Cal.App.5th 188, 196, review granted Oct. 23, 2024, S286987; see *People v. Gray* (2024) 101 Cal.App.5th 148, 167 & 167, fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].)  Echoing *Christianson*, *Saldana* observed, "[t]he presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason." (*Saldana*, *supra*, at p. 1278.)

As the *Christianson* court explained, "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement.  We see no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed.  In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson*, *supra*, 97 Cal.App.5th at p. 315, review granted.)

We reiterate that in analyzing the legislative history of Senate Bill No. 483, this court in *Rhodius* observed that the Legislature was primarily concerned with providing

relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48, review granted.) "The findings, costs, and ramifications of . . . Senate Bill [No.] 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5[, subdivision] (b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[, subdivision] (b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Rhodius*, *supra*, at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancement, striking that enhancement as anything other than an administrative function would not promote the legislative concerns in passing Senate Bill No. 483; in other words, striking the enhancement would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state. We continue to follow our decision in *Rhodius* that section 1172.75 does not invalidate prior prison term enhancements that were imposed and stayed and thus defendant is not entitled to a full resentencing hearing under section 1172.75.

## IV.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
_____
J.

We concur:

RAMIREZ
_____
P. J.

MILLER
_____
J.